<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ALLEN DUPREE GARRETT, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 22-5661 (JMV) (ESK) |
| v. | : | |
| | : | **OPINION** |
| THE UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants. | : | |

**VAZQUEZ, District Judge:**

Plaintiff, Allen Dupree Garrett, is presently confined at Bayside State Prison, in Leesburg, New Jersey. He seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security. The Prison Litigation Reform Act of 1995, which amends 28 U.S.C. § 1915, establishes certain requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

In particular, the Prison Litigation Reform Act prohibits a prisoner from bringing a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, under the statute, if a prisoner has three or more dismissals under 28 U.S.C. § 1915(e), he cannot proceed unless he is in imminent dangers of serious physical injury at

the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)).

With those principles in mind, in *Garrett v. Murphy*, the Third Circuit concluded that Plaintiff has at least three strikes under § 1915(e). *Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) ("Because we have counted to three, Garrett has struck out, and we need not keep counting."); *see also, e.g.,*; *Garrett v. Murphy*, No. 22-5664, 2022 WL 16552791, at *1 (D.N.J. Oct. 31, 2022) ("Plaintiff has had at least three qualifying dismissals: *Garrett v. Murphy*, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); *Garrett v. United States*, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); *Garrett v. Mendez*, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim)."); *Garrett v. United States*, No. 22-5840, 2022 WL 6737728, at *1 (D.N.J. Oct. 11, 2022); *Garrett v. City of Camden*, No. 20-17470, 2022 WL 3646569, at *1 (D.N.J. Aug. 24, 2022).

Accordingly, Plaintiff is a litigant with at least three strikes under § 1915(e). Thus, § 1915(g) precludes him from proceeding *in forma pauperis* in this case unless he alleges facts to show that he is in imminent danger of serious physical injury. The Complaint does not allege that Plaintiff is in imminent danger of serious physical injury. Instead, the Complaint appears to take issue with the late Judge Jerome B. Simandle's involvement in Plaintiff's plea, sentencing, and resulting imprisonment. (D.E. 1, at 5.) In terms of relief, Plaintiff seeks the removal of his conviction, and $10,000,000.00 in damages for his unlawful imprisonment. Consequently, because the Complaint does not suggest that Plaintiff is in imminent danger of serious physical injury, he is not excused from § 1915(g)'s restrictions.

As a result, the Court will not permit Plaintiff to proceed *in forma pauperis* and will administratively terminate this case. Plaintiff shall have an opportunity reopen this action by paying the $402.00 filing and administrative fees within thirty days.

Dated: 11/9/2022

                                                                                          _____
                                                                                          JOHN MICHAEL VAZQUEZ
                                                                                          United States District Judge